IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CASE NO. 5:15-CR-11 (MTT) |
| | ) |
| WILLIE PERKINS SMITH, III, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER

Defendant Willie Perkins Smith moves the Court to reconsider its Order (Doc. 163) denying Smith's motion (Doc. 162) to "Correct Presentence Report." Doc. 165. Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. Indeed, "[r]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id*.

Smith argues the Court made a "clear error of law" when it determined the conviction in case 94-R-308 was properly used as one of the predicate offenses for his Career Offender status.[1] Doc. 165 at 2. In support of this argument, Smith submits the

---

[1] With respect to the Court's order, the Court stated that "[w]ith regard to case *94-R-320* (Par. 32 of the PSR), [Smith] claims that he received a First Offender sentence." (emphasis added). Doc. 163. That was

Superior Court's order on his habeas petition. Doc. 165-1. In that order, the Superior Court noted that Smith received a "split sentence" in 94-R-308, which required the service of two years followed by five years on probation. *Id.* at 4. Such a sentence was technically improper "because O.C.G.A. § 42-8-60 provides that sentences under the First Offender Act shall be either all probation or all confinement, but not a mixture of both." *Id.* Nonetheless, the Superior Court goes on to say that "the trial court's original sentence in 94-R-308 shows that the two years imprisonment was actually suspended upon time already served," and that "if there was any error, it was harmless error." *Id.* at 5. In other words, nothing about Smith's sentence in 94-R-308 was infirm.

More importantly, 94-R-308 was not a suspended sentence as Smith contends. Doc. 165 at 3. Rather, as the Court previously noted, Smith was adjudicated guilty on 94-R-308 which removed his First Offender status, and subsequently resentenced to twenty years, with seven to serve and thirteen on probation. Docs. 61 ¶ 32; 163. "Based on the adjudication and resentencing that occurred, the conviction in case 94-R-308 was properly used as one of the predicate offenses for his Career Offender status." Doc. 163. Smith does not dispute the propriety of the second predicate offense, 95-R-119. *See* Doc. 165. Accordingly, Smith's motion for reconsideration (Doc. 165) is **DENIED**.

**SO ORDERED**, this 22nd day of September, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

in error—Paragraph 32 of the PSR refers to 94-R-308. Doc. 61. In any event, the remainder of the Court's analysis makes clear that it was addressing 94-R-308. *See* Doc. 163.